IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RICHARD D. EAVES, JR., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-05-116-F |
| | ) | |
| BROWN SCHOOLS OF OKLAHOMA, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Before the court is plaintiffs' Motion to Amend Administrative Closing Order or, in the Alternative, Motion to Reopen and Stay Case, filed December 23, 2005 (doc. no. 32). Pursuant to LCvR 7.2(f), defendant's response to the motion was due on January 10, 2006. To date, no response has been filed, and no request for an extension of time to respond has been filed. Therefore, in accordance with LCvR 7.2(f), the court exercises its discretion and deems the motion confessed. Upon independent review, the court finds that plaintiffs' motion to amend the administrative closing order should be granted.

The court concludes that this action was not dismissed by virtue of plaintiffs' failure to reopen this matter within ten days of the lifting of the bankruptcy automatic stay, as required by this court's administrative closing order of May 9, 2005. Unlike the administrative closing order at issue in Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994), the administrative closing order in the case at bar did not notify the parties that this action would be dismissed with prejudice absent action by plaintiffs within the time specified by the court. The primary purpose of the ten-day

time period in the May 9, 2005 administrative closing order was simply to provide the court with notice of the lifting of the bankruptcy stay in a timely manner so that the court could proceed with a final resolution of this case, if appropriate.  Therefore, plaintiffs' failure to comply with the court's ten-day requirement did not cause the administrative closing order to mature into a dismissal of this case.

Additionally, the court concludes that this action should not be dismissed at this time because of plaintiffs' failure to comply with the court's order.  Although the court does not condone plaintiffs' inaction, the court concludes that plaintiffs' inaction does not justify a dismissal of this case.  The court clearly prefers a resolution of this case on its merits.

In the interest of justice, the court concludes that the ten-day requirement set forth the May 9, 2005 administrative closing order should be waived and that an amended administrative closing order should be entered which administratively closes this action pending resolution of <u>Richard D. Eaves, Jr., et al. v. Royal & Sun Alliance Insurance Company, aka Royal Specialty Underwriting, Inc., et al.</u>, Case No. CIV-05-980-F.

Furthermore, with the entry of an amended administrative closing order contemporaneously herewith, the court finds that plaintiffs' alternative motion to reopen and stay this case should be denied as moot.

IT IS THEREFORE ORDERED that plaintiffs' Motion to Amend Administrative Closing Order, filed December 23, 2005 (doc. no. 32), is **GRANTED**. An amended administrative closing order shall be entered forthwith.

IT IS ALSO ORDERED that Plaintiffs' alternative Motion to Reopen and Stay Case, filed December 23, 2005 (doc. no. 32), is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED THAT the clerk of the court is **DIRECTED** to provide a copy of this order and the amended administrative closing order to counsel

for defendants in <u>Richard D. Eaves, Jr., et al. v. Royal & Sun Alliance Insurance Company, a/k/a Royal Specialty Underwriting, Inc., et al.</u>, Case No. CIV-05-980-F.

DATED January 19, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0116p009.wpd

3